NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MILA B. WASHINGTON, | No.   16-15798 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02444-SPL |
| v. | |
| PATRICK R. DONAHOE, Postmaster General, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted June 8, 2017**
Pasadena, California

Before:  BEA and HURWITZ, Circuit Judges, and KOBAYASHI,*** District Judge.

Mila Washington asked the United States Postal Service ("USPS") to shorten

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

her work day during her pregnancy, but still pay her for a full day. USPS initially allowed Washington to take "personal absence time" for hours not worked, but later reclassified this time off as unpaid Family and Medical Leave Act ("FMLA") leave. That reclassification required Washington to use her accumulated paid leave hours to receive pay for the unworked hours. In this suit, Washington alleges gender and pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964.[1]

The district court granted USPS's motion for summary judgment. We have jurisdiction of Washington's appeal under 28 U.S.C. § 1291 and affirm, because Washington failed to provide direct or circumstantial evidence of disparate treatment based on her pregnancy or gender. *Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1345 (2015).

1. Washington claims that USPS improperly denied her 4.61 hours of personal absence time and reclassified 99.03 hours of personal absence time as FMLA sick leave. But, under USPS's personal absence time policy, USPS managers are permitted to "require the use of . . . sick leave in the case of partial-day absences for FMLA-covered conditions," which includes absences caused by pregnancy complications. Therefore, USPS's denial and reclassification of personal absence

---

[1]    Although Washington's complaint also alleged race discrimination, she failed to argue this claim either in response to USPS's motion for summary judgment or on appeal. "Because this argument was not raised clearly and distinctly in the opening brief, it has been waived." *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009).

time do not by themselves "prove[] the fact of discriminatory animus without inference or presumption." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998) (internal quotation marks omitted, alteration incorporated).

Nor did Washington "offer evidence that gives rise to an inference of unlawful discrimination." *Hawn v. Exec. Jet. Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (internal quotation marks omitted, alteration incorporated). She failed to show that similarly situated non-pregnant employees were treated more favorably in the provision of personal absence time, or that any "other circumstances surrounding" USPS's denial and reclassification of personal absence time, which were allowed under USPS policy, permit "an inference of discrimination." *Id.* at 1156 (internal quotation marks omitted).

2. Washington claims that USPS denied her call-in request for 8 hours of paid sick leave. But, she provided no direct evidence of discrimination, nor does she identify any similarly situated, non-pregnant employees who called in for sick leave and received it, or describe circumstances from which one could infer discrimination. *See id.*

3. Washington claims that USPS improperly revoked its original accommodation which allowed her to work less than 8 hours a day. But it is undisputed that Washington worked less than 8 hours daily from April 11 to August 23, 2012, was paid for full 8-hour days during that period, and was given FMLA

3

leave going forward. That USPS did not charge this leave as personal absence time does not mean it denied Washington a work accommodation. And, Washington identifies no similarly situated employees who were so accommodated. *Young*, 135 S. Ct. at 1354.

4. Washington claims that USPS subjected her to an investigation for requesting a pregnancy accommodation. The investigation "did not materially affect the compensation, terms, conditions, or privileges of [Washington's] employment" and thus did not constitute an adverse employment action. *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1126 (9th Cir. 2000). And, Washington provided no evidence that the investigation, which was initiated because of suspected timekeeping fraud, was discriminatory.

**AFFIRMED.**